```
┌─────────────────────────────────────────┐
│ USDC SDNY                                │
│ DOCUMENT                                 │
│ ELECTRONICALLY FILED                     │
│ DOC #:_____                     │
│ DATE FILED:____3/13/22____               │
└─────────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                             :

UNITED STATES OF AMERICA,         :             04-CR-36 (VEC)
                             :
                             :        OPINION AND ORDER

          -against-            :
                             :

ANGEL MEDINA,                 :
                             :

                      Defendant.    :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

      Angel Medina, appearing *pro se*, moves for compassionate release pursuant to 18 U.S.C.

§ 3582(c). *See* Def. Mem., Dkt. 296 at 1. The Government opposes the motion on the merits,

but acknowledges that Mr. Medina has exhausted his administrative remedies. Gov. Opp., Dkt.

301 at 4. The Court is authorized to reduce Mr. Medina's sentence under the rubric of

compassionate release if, "after considering the factors set forth in [§] 3553(a)," it finds that

"extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

For the reasons stated below, Mr. Medina's motion for compassionate release is DENIED.

      Mr. Medina urges the Court to grant compassionate release primarily because of the

general prison hardships that have resulted from the COVID-19 pandemic; he also argues that he

poses less of a risk for future criminal behavior than he did at the time he was sentenced, has

engaged in academic and rehabilitative programs in prison, and has a plan for his release both

with respect to where he will live and with respect to obtaining gainful employment. *See*

*generally* Def. Mem., Dkt. 296.

      The undeniably burdensome conditions of confinement that COVID-19 has wrought,

while no doubt difficult, are a generalized situation that does not constitute compelling

circumstances for Mr. Medina in particular.  Gov. Opp. at 6–7.  While the Court sympathizes

with the difficulties of incarceration during the pandemic, Mr. Medina has — commendably —

been vaccinated and boosted against COVID-19.  *Id.* at 4 (citing Ex. B, Dkt. 301-2 at 34).  The

vaccines being administered in the United States all continue to provide robust protection from

serious illness or death caused by COVID-19.  Moreover, Mr. Medina's medical history does not

rise to a level of severity that indicates the sort of current, severe medical risk that might merit a

sentence reduction; his primary medical concern, a bout of Hepatitis C, was resolved in June

2020.  *Id.* at 6.

Mr. Medina addressed the § 3553(a) factors, focusing exclusively on § 3553(a)(2)(C).

He argues that the public is protected from further crimes by him because he has matured, as

reflected by the Bureau of Prisons' assessment that he is at a "low risk of recidivism."  Def.

Mem. at 2; *see* § 3553(a)(2)(C).  The Court notes that Mr. Medina has committed at least two

disciplinary infractions in the last four years associated with his possession of contraband

(specifically, a cell phone).  Ex. D, Dkt. 301-4 at 1–2.  While such misbehavior is less serious

than misconduct that involves violence, the fact remains that Mr. Medina continues to make poor

choices regarding his behavior.  That fact is not consistent with Mr. Medina's presentation of

himself as someone who has matured to the point that the Court need not be concerned that he

will recidivate.

More significant, however, are the nature and circumstances of Mr. Medina's underlying

offense, which are a major factor militating against a reduction in sentence.  18 U.S.C. §

3553(a)(1), (a)(2)(A); Gov. Opp. at 8.  Mr. Medina pled guilty to a Superseding Information that

charged him with one count of attempted robbery and two counts of using a phone in furtherance

of a drug trafficking offense.  Gov. Opp. at 3 (citation omitted).  The dry recitation of the top

count of the Superseding Information understates the severity of the crime.  During the commission of the attempted robbery to which Mr. Medina pled guilty, Mr. Medina and the victim of the robbery struggled over a firearm; the firearm discharged, killing the victim.  *Id.* at 2 (citations omitted).  The sentence that Judge Patterson imposed in 2008 was appropriate for this crime, and it took into account the difficult circumstances that set Mr. Medina on the path toward criminal activity, the seriousness of the crime, and Mr. Medina's substantial criminal history.  *Id.* at 8 (citation omitted).  The Court is hopeful that there will be no more violence in Mr. Medina's future and that the Bureau of Prison's recidivism assessment is accurate.  But the nature and circumstances of his offense, and the need for the associated sentence to reflect its seriousness, counsel against any sentence reduction.

The Court encourages Mr. Medina to take advantage of programming that will teach him skills that will increase his employability when he is released, and to pursue a productive and law-abiding path when he is released.

The Clerk of Court is respectfully directed to close the open motion at Docket 296 and to mail a copy of this order to Mr. Medina.

**SO ORDERED.**

Date:  **March 13, 2022**
         **New York, NY**

**VALERIE CAPRONI**
**United States District Judge**